IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH HICKMAN,
    Plaintiff,

V.

                                                  Case No.

STERLING GLOBAL BACKGROUND
CHECKS AND, WILLIAM GREENBLATT,
    Defendants.

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. Plaintiff, Kenneth Hickman brings this complaint under 15 U.S.C.A. sec 1125 for False designations of origin, false descriptions, and dilutions as authorized under this Statute. As set out under this act any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation or origin, false or misleading description of fact, or false or misleading representation of fact.

2. In this cause as authorized under subsection (A) of 15 U.S.C.A. 1125, where the services of the defendants has caused confusion and mistake which has caused plaintiff harm. Plaintiff was confused with another by the acts and omissions of the defendants.

3. This honorable court has jurisdiction to hear the subject matter of this suit Title 15 of the Commerce Trade Act.

4. Plaintiff seeks damages and injunctive relief.

## STATEMENT OF FACTS

5. Plaintiff is a former employee of Walmart Inc, a national retail store busness. Plaintiff was employed with Walmart from June 1990-December 1992. Plaintiff terminated his employment with Walmart under a mutual agreement with management as a leave of absence due to his personal legal problems.

6. Plaintiff who had a previous felony conviction was hired by Walmart without prejudice toward his conviction. Plaintiff sought reemployment by submitting and online application for employment. later called by the personnel department for an interview and was sent for drug screening on 3/4/2014.

7. On this date plaintiff submitted information to Walmart personnel about his background as to his convictions for the purpose of a national background check.

8. This information was supplied to the defendants Sterling Global Background Check which the defendant William Greenblatt is the CEO. Plaintiff gave accurate information as to his convictions. On or about March 15, 2014 plaintiff received a letter from the defendants informing him that he had five busness days to contact Sterling Infosystems because the background check could not be completed.

9. The first busness day of the week plaintiff called the defendants and also sent them a fax which included information as to individuals which are often confused with him. This was sent by fax.

10. On or about March 21, 2014 plaintiff received a letter from the defendants notifying him that he failed to confirm or correct information provided by him. Plaintiff called the defendants again to notify them that he did provide additional information and informed the defendants that they had include confusing and misinformation in their background check. Further he informed the defendants that he acted well ahead of his requirement to respond within five working days whereas received their request on March 15, 2014 and immediately on March 17, 2014 provided information as requested to them.

11. Plaintiff was subsequently denied employment due to the defendants associating him with some other individual and their misleading information supplied to his prospective employer, Walmart.

## STATEMENT OF ISSUES

12. The defendant William Greenblatt is the founder and CEO of Sterling Infosystems. The company Sterling provides services of employment screening, including criminal background checks, previous employment verification, educational credential verification, and drug test.

13. Plaintiff was subject to confusion and mistake as bases of the services the defendants provide. The defendants denied plaintiff an opportunity to confirm or provide additional information. The services the defendants employed methods of screening plaintiff which caused him to be denied employment.

a. The defendants falsely provided information to the prospective employer Walmart, that he did not timely confirm information provided to them.

b. The service the defendants provide consistently cause confusion and mistake in identity as with plaintiff. He discovered that the defendants submitted misinformation as to addresses and people that are not plaintiff or where he ever lived.

c. The defendants misrepresent the quality of their services as being accurate and reliable in light of consistently causing prospective employees as plaintiff to be denied employment as a direct result of their services creating mistake, confusion and wanton acts of its employees of Sterling to misstate facts to cause individuals as plaintiff to be denied employment.

## RELIEF

14. Plaintiff seek Damages in the amount of 25.000, twenty five thousand dollars for the lost of prospective wages earnable by employment.

15. Plaintiff seeks Punitive Damages as bases of the intentional acts and omissions utilized by the defendants in falsely informing the plaintiffs prospective employer that he did not timely confirm information for employment screening

16. Plaintiff seeks Injunctive relief in the form of an order which will prohibit the defendants from providing false or misleading information or information that will damage his ability to ob tain employment.

## CONCLUSION

Plaintiff prays that this honorable court find that the facts of this suit entitles him to relief. Plaintiff further state under the penalty of perjury that the facts contained in this suit are true and correct.

RESPECTFULLY SUBMITTED

Kenneth Hickman
6503 Belarbor St.
Houston, Tx 77087
Pro se

# PARTIES

Plaintiff:

Plaintiff as mentioned herein and at all times is and was a prospective employee. He sues the defendants for damages and injunctive relief as bases of acts and omissions of the defendants by their false and misleading services provided. Service may be accomplished to plaintiff at:

Kenneth Hickman<br>
6503 Belarbor St,<br>
Houston, Tx 77087<br>
Pro Se

Defendants:

The Defendant as mentioned herein and all times Sterling Infosystems is a company liable under Title 15 of the United States Commerce Act. The defendants are being sued for damages under Title 15 for damages and injunctive relief committed while providing services under the United States laws of Commerce. Services may be accomplished to the defendants at:

Sterling Infosystems<br>
6111 Oak Tree Blvd<br>
Independence, OH 44131

The defendant William Greenblatt as mentioned herein and at all times is the Chairman and CEO of Sterling Infosystems. His responsibities include but are not limited to the day to day operations of Sterling Global Background Checks. He is being sued for his acts and omissions which result in his company providing services which create confusion, misleading information and wanton acts which in this case, cost plaintiff an opportunity to be employed. Service may be accomplished to him at:

William Greenblatt
Stering Infosysem
1 State Street
Plaza, 24th Fl
New York, NY 10004